NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**JUANITA F. MOSE,**
*Claimant-Appellant,*

v.

**ERIC K. SHINSEKI, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee.*

---

2011-7002

---

Appeal from the United States Court of Appeals for Veterans Claims in 08-1871, Judge Robert N. Davis.

---

Decided: July 19, 2011

---

VIRGINIA A. GIRARD-BRADY, ABS Legal Advocates, P.A., of Lawrence, Kansas, for claimant-appellant.

LAUREN A. WEEMAN, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee. With her on the Brief were TONY WEST, Assistant Attorney General, JEANNE E. DAVIDSON, Director, and BRIAN

M. SIMKIN, Assistant Director. Of counsel on the brief were DAVID J. BARRANS, Deputy Assistant General Counsel and CHRISTA A. SHRIBER, Attorney, United States Department of Veterans Affairs, of Washington, DC.

———————————

Before PROST, MAYER, and O'MALLEY, *Circuit Judges*.

PROST, *Circuit Judge*.

Juanita F. Mose, the widow of U.S. Army veteran Gene J. Mose ("Mr. Mose" or "the veteran"), appeals from a decision of the United States Court of Appeals for Veterans Claims ("Veterans Court"), which affirmed the February 21, 2008, decision of the Board of Veterans' Appeals ("Board") denying Ms. Mose's claim for service connection for the cause of the veteran's death. *Mose v. Shinseki*, No. 08–1871 (Vet. App. June 30, 2010). We *affirm*.

## BACKGROUND

Mr. Mose served in the United States Army from February 1969 to February 1971, including approximately one year of service in Vietnam. Because of the veteran's service in Vietnam, it is presumed that he was exposed to an herbicide agent. 38 C.F.R. § 3.307(a)(6)(iii).

In April 1989, nearly eighteen years after his service, Mr. Mose was diagnosed with a brain tumor. Numerous medical tests were inconclusive as to whether the tumor originated in the brain or was a metastatic lesion resulting from a tumor outside of the brain. Mr. Mose died in October 1989. His death certificate lists a "malignant undifferentiated brain tumor" as the cause of death.

Ms. Mose submitted a claim for service connection for her husband's death. In 1995, a Department of Veterans Affairs ("VA") regional office found that Mr. Mose's brain tumor was not service-connected and denied Ms. Mose's claim. This decision became final when it was not timely appealed. In February 2008, the Board issued a decision reopening Ms. Mose's claim based on new and material evidence. Upon its review of the evidence, however, the Board presumed that the brain tumor was metastatic but determined that the origin of the tumor was unknown. It denied Ms. Mose's claim because there was no evidence linking the brain tumor to a disease associated with exposure to certain herbicide agents. 38 C.F.R. § 3.309(e). Ms. Mose appealed.

The Veterans Court affirmed the Board, determining that the VA met its duty to assist and was not required to obtain an additional medical opinion when there was no medical evidence in the record suggesting the origin of the veteran's tumor. The Veterans Court concluded that there was no reasonable possibility that the same medical evidence that failed to yield the origin of the tumor would be any more likely to yield that information upon further medical review.

## DISCUSSION

On appeal, Ms. Mose contends that the Veterans Court erred in denying her claim for service-connected benefits for the cause of the veteran's death. Specifically, she argues that the Veterans Court misinterprets when the VA is required to request an additional medical

opinion under its duty of care obligation. 38 U.S.C. § 5103A(a)(1)–(2).[1]

"Our jurisdiction to review the decisions of the [Veterans Court] is limited by statute." *Summers v. Gober*, 225 F.3d 1293, 1295 (Fed. Cir. 2000). While this court is authorized to "decide all relevant questions of law, including interpreting constitutional and statutory provisions," we cannot adjudicate "(A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case," unless a constitutional issue is presented. 38 U.S.C. § 7292(d).

Ms. Mose's legal argument here, which is the only one over which we have jurisdiction, is that under § 5103A(a)(1)–(2), when the record contains some evidence which suggests the possibility of a causal connection between a veteran's disability and his military service and the evidence does not specifically rule out the possibility of service connection, then a reasonable possibility exists that the VA's assistance would aid in substantiating the claim. Stated differently, her argument is that the VA is exempt from providing further assistance to substantiate a claim only when the record contains no evidence suggesting the possibility of service connection. We reject her argument. The statutory language provides no basis for determining that the VA has no further obligation to assist the claimant only when the record

---

[1]    (a) Duty to assist. (1) The Secretary shall make reasonable efforts to assist a claimant in obtaining evidence necessary to substantiate the claimant's claim for a benefit under a law administered by the Secretary. (2) The Secretary is not required to provide assistance to a claimant under this section if no reasonable possibility exists that such assistance would aid in substantiating the claim.

contains no evidence suggesting the possibility of service connection. 38 U.S.C. § 5103A(a)(1)–(2). We decline to address Ms. Mose's arguments to the extent they challenge the underlying facts. We are not authorized by Congress to review a challenge to a factual determination or to a law or regulation as applied to the facts of a particular case except to the extent that an appeal presents a constitutional issue. *See* 38 U.S.C. § 7292(d)(2).

COSTS

Each party shall bear its own costs.

**AFFIRMED**